Charles Peterson
Executive Director
Bruce D. Livingston, MO Bar No. 34444
Jonah J. Horwitz, ID Bar No. 10494
Assistant Federal Defenders
Federal Defender Services of Idaho
Capital Habeas Unit
702 W. Idaho, Suite 900
Boise, Idaho 83702
Telephone: (208) 331-5530
Facsimile:  (208) 331-5559
ECF:   Bruce_Livingston@fd.org
       Jonah_Horwitz@fd.org

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| AZAD HAJI ABDULLAH,<br>      Petitioner,<br><br>v.<br><br>TIM RICHARDSON,[1]<br>Warden, Idaho Maximum Security Institution,<br>      Respondent. | Case No. 1:17-cv-00098-DCN<br><br>**CAPITAL CASE**<br><br>MOTION FOR SUBSTITUTION OF COUNSEL |

With this motion, the Federal Defender Services of Idaho ("FDSI") seeks to withdraw as counsel for petitioner Azad Abdullah and substitute the Federal Community Defender Office for the Eastern District of Pennsylvania (the "FCDO") as new counsel for Mr. Abdullah in these habeas proceedings.  In support of this motion, undersigned counsel respectfully state as follows:

---

[1] Tim Richardson is now Warden of the Idaho Maximum Security Institution.  *See* https://www.idoc.idaho.gov/content/locations/prisons/idaho_maximum_security_institution.  As such, he should be substituted in as the respondent in this case. *See* Rule 2(a) of the Rules Governing Section 2254 Cases; Fed. R. Civ. P. 25(d).

MOTION FOR SUBSTITUTION OF COUNSEL - 1

## PROCEDURAL BACKGROUND

In November 2004, an Ada County jury found Mr. Abdullah guilty of first-degree murder and five other felonies and thereafter found in favor of a death sentence for the murder. *State v. Abdullah*, 348 P.3d 1, 20 (Idaho 2015). On March 4, 2005, the trial court sentenced Mr. Abdullah to death for first-degree murder, sentenced him to 80 years in prison for the other convictions, and filed its judgment of conviction and sentence. *Id*. at 28.

On March 11, 2005, Mr. Abdullah appealed, and on April 15, 2005, he filed his first post-conviction petition. *Id*. On October 14, 2011, following the filing of an amended petition and an evidentiary hearing, the district court denied all requested post-conviction relief and entered a final judgment dismissing Mr. Abdullah's petition. *Id*. at 29. Mr. Abdullah appealed on November 25, 2011, and in the consolidated appeal the Idaho Supreme Court affirmed his convictions, sentences, and the denial of post-conviction relief on March 2, 2015. *Id*. at 20, 29. The United States Supreme Court denied Mr. Abdullah's petition for certiorari on February 29, 2016. *Abdullah v. Idaho*, 577 U.S. 1146 (2016).

Mr. Abdullah filed another petition for post-conviction relief in 2013, largely based on ineffective assistance on appeal, while the consolidated appeal was pending but before issuance of the Idaho Supreme Court's decision in 2016. *See Abdullah v. State*, No. 46497, --- P.3d ----, 2021 WL 1305844 (Idaho 2021) (raising among other issues a variety of ineffective assistance on appeal claims). The district court denied the petition in November 2018, and the Idaho Supreme Court affirmed the dismissal of the successive petition on April 8, 2021. *Id*. Upon denial of a rehearing petition, the Idaho Supreme Court issued its remittitur on June 30, 2021. *See* Ex. 1.

This Court, through Judge Lodge, appointed the FDSI's Capital Habeas Unit ("CHU") to represent Mr. Abdullah in his capital habeas case in August 2015 and granted him *in forma pauperis* status in a miscellaneous case that preceded this one. *See Abdullah v. Ramirez*, No. 1-15-mc-08251-BLW (D. Idaho 2015) (Dkt. 3). That case was subsequently transferred to Judge Winmill. In February 2017, Mr. Abdullah filed a 260-page habeas petition with 74 claims under the current case number. Dkt. 1. After hearing from the parties, this Court selected six claims for briefing on the merits, Dkt. 16, and the merits of those claims were fully briefed in 2019, Dkts. 17, 20, 26. On August 6, 2019, the case was transferred from Judge Winmill to Chief Judge Nye. Dkt. 21. The merits briefing remains pending.

During its investigation of the case, the CHU discovered a *Brady* violation based on facts surrounding an affair between the lead investigator and the second-chair prosecutor. Mr. Abdullah's state counsel, John Kormanik, filed a state post-conviction petition asserting the *Brady* claim in September 2020. *See* Ex. 2. The state district court denied the petition in January 2021. *See* Ex. 3. An appeal has been docketed at the Idaho Supreme Court and briefing is in progress.

## REQUEST FOR SUBSTITTUTION OF COUNSEL

Mr. Abdullah and the CHU request that this Court allow the CHU to withdraw and simultaneously appoint the FCDO as Mr. Abdullah's counsel, substituting in place of the CHU. Without going into the details, the CHU and Mr. Abdullah have had a breakdown in their attorney-client relationship, which necessitates, in the professional judgment of the CHU's Supervising Attorney Deborah Czuba, withdrawal of the CHU and its replacement as counsel. In contacting the FCDO, Ms. Czuba and the CHU sought out competent, capable counsel who have the skill and resources to substitute in as counsel, conduct the litigation of Mr. Abdullah's habeas

petition on a timely basis and file an amended habeas petition by June 30, 2022, the time when Mr. Abdullah's one year statute of limitations expires. *See* 28 U.S.C. § 2244(d)(1)(A) (providing that the statute of limitations for habeas petitions is one year, running from the date on which the judgment became final); § 2244(d)(2) (indicating that the limitations period is tolled when a "properly filed" post-conviction petition is pending in state court); *Abdullah*, 2021 WL 1305844, at *2, 6–13 (noting that Mr. Abdullah's appellate-ineffectiveness petition in state court was filed before his direct appeal was concluded and addressing Mr. Abdullah's appellate-ineffectiveness claims on the merits). Ms. Czuba requested that the FCDO agree to seek an appointment to act as counsel for Mr. Abdullah and substitute in for her office. Mr. Abdullah also expressed his desire to have the FCDO appointed as co-counsel. The FCDO is willing to substitute in place of the CHU, believes that it can responsibly assume this representation as counsel, and has signed onto this motion. The FCDO represents that it will be able to file an amended petition by June 30, 2022, and that it has the resources to devote to this case and meet its ongoing obligations to Mr. Abdullah and this Court through the completion of the case.

Mr. Abdullah remains indigent and is entitled to the appointment of counsel in this matter. 18 U.S.C. § 3599(a)(2) ("In any post conviction proceeding under section 2254 or 2255 of title 28, United States Code, seeking to vacate or set aside a death sentence, any defendant who is or becomes financially unable to obtain adequate representation or investigative, expert, or other reasonably necessary services shall be entitled to the appointment of one or more attorneys and the furnishing of such other services in accordance with subsections (b) through (f).").

Mr. Abdullah has consented to representation by the FCDO, if this Court grants the substitution motion and appoints the FCDO. The FCDO has recently completed the

administrative approvals necessary for it to be appointed to an out of district case such as this, including notification to Chief Judge Thomas of the Ninth Circuit, and is prepared to begin representation of Mr. Abdullah immediately upon this Court's approval of the appointment.

The FCDO is qualified for appointment under § 3599. The office has a Capital Habeas Unit that specializes in capital habeas corpus litigation under 28 U.S.C. § 2254. That unit consists of attorneys who specialize in capital habeas corpus and post-conviction litigation. The unit is supervised by Shawn Nolan. Mr. Nolan has been licensed to practice in Pennsylvania since 1989 and has exclusively handled capital post-conviction cases for the past eighteen years. The FCDO currently represents two death-sentenced prisoners within the Ninth Circuit. *See, e.g., Prince v. Davis*, No. 16-cv-00871-BAS-KSC (S.D. Cal.)*; Hamilton v. Gittere*, No. 3:18-cv-00555-RFB-WGC (D. Nev.). The FCDO has also represented capital habeas petitioners in other federal courts in various jurisdictions *see e.g. King v. Parker*, No. 3:18-cv-01234 (M.D. Tenn.); *Caudill v. Conover*, No. 5:10-084-DCR (E.D. Ky.); *Foley v. Hart*, No. 5:17-cv-00471-REW (E.D. Ky.); *Hasan v. Ishee*, No. 1:03-cv-00288-SJD-MRM (S.D. Ohio); *Lang v. Shoop*, No. 5:12-cv-2923-JZ (N.D. Ohio); *Mullis v. Thaler*, No. 3:13-cv-00121 (S.D. Texas); *Wooten v. Norris*, No. 5:03-cv-00370-SWW (E.D. Ark); *Rankin v. Norris*, No. 5:06-MC-00001-JM (E.D. Ark.); *Winston v. Pearson*, 7:07-cv-00364-SGW (W.D. Va.), and has also represented more than a dozen federal capitally sentenced petitioners. See e.g., *United States v. Rodriguez*, 2:04-cr-00055-RRE (D.N.D.); *United States v. Ebron*, No. 1:08-cr-36-MAC-ESH (E.D. Tex.); *United States v. Fulks*, 4:02-mj-00992-TER (D.S.C.); *United States v. Jackson*, 1:16-cv-00212-MR [1:00-cr-00074-MR] (W.D.N.C.).

Capital post-conviction litigation requires specialized knowledge and experience. *See, e.g.*, 18 U.S.C. § 3599(d) (acknowledging the unique and complex nature of capital habeas

MOTION FOR SUBSTITUTION OF COUNSEL - 5

litigation); *McFarland v. Scott*, 512 U.S. 849, 855–56 (1994) (same, and noting that "th[e Supreme] Court's death penalty jurisprudence unquestionably is difficult even for a trained lawyer to master" (quoting *Murray v. Giarratano*, 492 U.S. 1, 28 (1989)). The FCDO attorneys possess such specialized knowledge and experience. Since 1995, the FCDO has represented scores of death-sentenced prisoners in federal district courts, the Courts of Appeals, and the United States Supreme Court.

In addition to representing petitioners in capital federal habeas corpus cases across the country, the FCDO's capital lawyers have litigated five substantive cases before the United States Supreme Court: *Sattazahn v. Pennsylvania*, 537 U.S. 101 (2003); *Rompilla v. Beard*, 545 U.S. 374 (2005); *Pace v. DiGuglielmo*, 544 U.S. 408 (2005); *Beard v. Kindler*, 558 U.S. 53 (2009); and *Williams v. Pennsylvania*, 136 S. Ct. 1899 (2016). Its capital lawyers have also served on the faculties of death-penalty and/or habeas corpus training seminars for numerous organizations and entities including, *inter alia*, the Administrative Office of the United States Courts Habeas Corpus Training and Assistance Project, the National Institute for Trial Advocacy, the NAACP Legal Defense and Education Fund, the American Bar Association Death Penalty Representation Project, the Pennsylvania Bar Institute, the National Association of Criminal Defense Lawyers, and the Pennsylvania Association of Criminal Defense Lawyers.

The FCDO has been established by the Administrative Office of the United States Courts as a Community Defender Organization and is recognized as the Federal Defender Office for the United States District Court for the Eastern District of Pennsylvania. Since 1995, the FCDO has received a sustaining grant from the Administrative Office of the United States Courts to represent death-sentenced prisoners in federal habeas corpus proceedings. Because of its sustaining grant, the FCDO will not request from this Court any funds for attorney fees,

MOTION FOR SUBSTITUTION OF COUNSEL - 6

investigation or travel expenses, expert witness expenses (should expert witnesses be needed), or any other expenses.

The CHU and FCDO therefore respectfully request that this Court grant this motion, allow the CHU to withdraw as counsel, and appoint the Federal Community Defender Office for the Eastern District of Pennsylvania as counsel for Mr. Abdullah.

DATED this 15th day of October 2021.

| FEDERAL COMMUNITY DEFENDER OFFICE FOR THE EASTERN DISTRICT OF PENNSLYVANIA | FEDERAL DEFENDER SERVICES OF IDAHO |
|---|---|
| | /s/ *Bruce D. Livingston* <br> Bruce D. Livingston |
| /s/ *Shawn Nolan* <br> Shawn Nolan | /s/ *Jonah J. Horwitz* <br> Jonah J. Horwitz |
| | Attorneys for Petitioner |

## CERTIFICATE OF SERVICE

I hereby certify that on the 15th day of October 2021, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which is designed to send a Notice of Electronic Filing to persons including the following:

L. LaMont Anderson
lamont.anderson@ag.idaho.gov

                                              /s/ *Julie Hill*
                                              Julie Hill