UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| AZAD HAJI ABDULLAH,<br><br>    Petitioner,<br><br>v.<br><br>TIM RICHARDSON, Warden of the Idaho Maximum Security Prison,<br><br>    Respondent. | Case No. 1:17-cv-00098-DCN<br>(former case no. 15-mc-08251-BLW)<br><br>**CAPITAL CASE**<br><br>**ORDER RE: SUBSTITUTION OF COUNSEL** |

  Petitioner Azad Haji Abdullah, a pauper and state prisoner under a death sentence, has requested a change of appointed counsel. Dkt. 28. Having reviewed the record and considered the parties' arguments, the Court enters the following Order permitting substitution of the Federal Community Defender Office for the Eastern District of Pennsylvania (FCDO) and permitting withdrawal of the Federal Defender Services of Idaho's capital habeas unit (CHU)—upon the requirements set forth below.

  Petitioner's motion is governed by Title 18 U.S.C. § 3599, which is interpreted under the "interests of justice" standard of § 3006A. *Martel v. Clair*, 565 U.S. 648, 663 (2012). The "interests of justice" standard is a discretionary "peculiarly context-specific inquiry." *Id*. Facts that may be relevant include: "the timeliness of the motion; the adequacy of the district court's inquiry into the defendant's complaint about current representation; and the asserted cause for that complaint, including the extent of the conflict or breakdown in communication between lawyer and client (and the client's own responsibility, if any,

for that conflict)." *Id*. at 665-66.

For example, in *Clair*, the United States Supreme Court analyzed the reasons for the request for change of counsel as follows:

> Clair, to be sure, wanted to press his case further in the District Court. He desired a new lawyer, after examining the physical evidence, to make whatever claims followed from it. But, notably, all of those claims would have been new; as the District Court later found in ruling on Clair's Rule 60(b) motion, the physical evidence did not relate to any of the claims Clair had previously made in his habeas petition. *See* App. to Pet. for Cert. 9–10. A substitute lawyer thus would have had to seek an amendment of that petition, as well as an evidentiary hearing or, more likely, a stay to allow exhaustion of remedies in state court. *See* 403 Fed.Appx., at 279. The District Court could properly have rejected that motion, consistent with its order precluding further submissions (effectively remitting Clair to state court to pursue the matter). *See Mayle v. Felix*, 545 U.S. 644, 663, 125 S.Ct. 2562, 162 L.Ed.2d 582 (2005). And if that is so, the court also acted within its discretion in denying Clair's request to substitute counsel, even without the usually appropriate inquiry. The court was not required to appoint a new lawyer just so Clair could file a futile motion.

565 U.S. at 665–66.

Here, Petitioner's Motion for Substitution of Counsel asserts a complete breakdown of the attorney-client relationship. That characterization is supported by Mr. Livingston's Affidavit, Ms. Chuba's Affidavit, and Petitioner's Affidavit. Dkts. 28, 30-1, 31, 31-1 to 31-3. Current counsel has expended time finding adequate replacement counsel, and has recommended the FCDO. Petitioner has consented to the new representation. *See* Dkt. 31-3, p. 2.

The FCDO has been established by the Administrative Office of the United States Courts as a Community Defender Organization and is recognized as the Federal Defender

ORDER RE: SUBSTITUTION OF COUNSEL - 2

Office for the United States District Court for the Eastern District of Pennsylvania. The FCDO has obtained authorization to represent Petitioner from its governing administrators and from Chief Judge Thomas of the Ninth Circuit. The FCDO attorneys who will be assigned to this case appear qualified, competent, willing, and able to undertake Petitioner's representation. *See* Dkt. 28.

Petitioner and the FCDO have represented that the FCDO can provide representation for him within its regular budget, which is supplemented with a grant from the Administrative Office of the United States Courts specifically for the purpose of representing prisoners in federal capital habeas corpus proceedings. "Because of its sustaining grant, the FCDO will not request from this Court any funds for attorney fees, investigation or travel expenses, expert witness expenses (should expert witnesses be needed) or any other expenses," the FCDO signatory to the Motion for Substitution represents. Dkt. 28, pp. 7-8.

Delay is a potential concern with any new appointment, but new counsel states that the FCDO can prepare the final amended petition within six months. The suggested time frame does not seem unreasonable, and, at this point, there is no set plan governing amendment. Rather, the Court earlier informed the parties that they would be given an opportunity to suggest a case management plan to govern the remainder of the claims after the Court issues a decision denying the fully-exhausted claims. *See* Document 14, p. 8, Order of 03/24/18.

It does appear from the record that the rift in the relationship is due in part to Petitioner, and so Petitioner bears some responsibility for any added expense and delay that

may result from appointment of new counsel. The rift is such that the supervising attorney of the CHU has determined that the magnitude of the breakdown in the relationship necessitates replacing the CHU with other counsel. Dkt. 28, p. 3. The Court agrees that the attorney-client relationship appears irreparable.

The Court finds that the change of counsel will not be a significant added burden to taxpayers because new counsel will be funded primarily with existing federal grant monies. However, Petitioner is warned that he likely will not be permitted any future changes of counsel, nor will he be permitted in the future to request that the local counsel who will be assigned to this matter provide the bulk of the representation services, but he must work with, and within the parameters set by, the FCDO attorneys, who are experts in this field and who will be the primary attorneys for him in this matter.

Good cause appearing, the Court will permit the substitution, provided that the FCDO attorneys complies with General Order 206, governing pro hac vice applications, including association of appropriate local counsel to coordinate the representation and provide minimal services, with the bulk of the representation to be furnished by the FCDO attorneys.

## ORDER

**IT IS ORDERED:**

1. Upon the FCDO attorneys' pro hac vice admission in compliance with General Order 206, the FCDO attorneys shall be substituted as counsel of record for Petitioner.

2. At that time, the CHU shall be withdrawn as counsel of record for Petitioner.

3. Once the FCDO and local counsel for Petitioner have conferred about their case management plan, Petitioner shall file a budget for anticipated fees of local counsel, considering the limited role local counsel is to play in this matter.

4. No later than **March 31, 2022**, counsel for Petitioner and Respondent shall confer and suggest to the Court by stipulation, or in separate reports if no stipulation, an appropriate briefing schedule for the final amended petition.

DATED: December 27, 2021

David C. Nye
Chief U.S. District Court Judge

ORDER RE: SUBSTITUTION OF COUNSEL - 5