UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| AZAD HAJI ABDULLAH,<br><br>　　　　　Petitioner,<br><br>　v.<br><br>TIM RICHARDSON, Warden of the Idaho Maximum Security Prison,<br><br>　　　　　Respondent. | Case No. 1:17-cv-00098-DCN<br>(former case no. 15-mc-08251-BLW)<br><br>**CAPITAL CASE**<br><br>**ORDER** |

Petitioner Azad Haji Abdullah, a state prisoner under a death sentence, has requested a stay of this action, having filed a third successive post-conviction petition in state district court in June 2022 that remains pending. See Dkt. 39 (with exhibits). In *Rhines v. Weber*, 544 U.S. 269 (2005), the Court determined that a federal district court may exercise its discretion to stay a mixed habeas petition containing exhausted and unexhausted claims to allow the petitioner to present his unexhausted claims to the state court and later return to federal court for review of his perfected petition. *Id.* at 277. In *Mena v. Long*, 813 F.3d 907, 912 (9th Cir. 2016), the United States Court of Appeals for the Ninth Circuit extended the reach of *Rhines* stay-and-abey procedures to petitions containing only unexhausted claims, so long as the court determines, in its discretion, that the *Rhines* factors are met: that the petitioner had good cause for his failure to exhaust, that his unexhausted claims are potentially meritorious, and that there is no indication that the petitioner engaged in intentionally dilatory litigation tactics. *Rhines*, 544 U.S. at 277-78.

To meet the "good cause" standard, a petitioner typically must bring forward sufficient evidentiary support to show a reasonable excuse justifying his failure to exhaust. *Blake v. Baker*, 745 F.3d 977, 982 (9th Cir. 2014).

Abdullah feels compelled to return to state court because the legal landscape governing federal habeas corpus petitions recently changed after *Shinn v. Ramirez*, 142 S. Ct. 1718 (2022). *Ramirez* clarified that factual development done in federal court in the context of overcoming procedurally defaulted ineffective assistance of trial counsel claims under *Martinez v. Ryan*, 566 U.S. 1 (2012), cannot later be used in the context of a merits review without meeting the strict requirements of 28 U.S.C. § 2254(e)(2).

Abdullah is attempting to re-open state court doors two decades after his conviction:

> Because Mr. Abdullah reasonably and diligently relied on … pre-*Ramirez* law, and because he can no longer develop the relevant facts in this Court, it is appropriate for him to present these claims and supporting factual material to the state courts in a new state post-conviction relief action at this juncture. For the same reason, the *Ramirez* decision is an appropriate triggering event for Mr. Abdullah's recently filed post-conviction petition and, therefore, his petition is timely under Idaho's post-conviction statutory scheme. *See Windom v. State*, 398 P.3d 150, 156–57 (Idaho 2017) (issuance of a new decision from the U.S. Supreme Court can set the clock running for a new state post-conviction claim); Idaho Code § 19-2719(5).

Abdullah hopes that the Idaho Supreme Court will treat post-*Ramirez* successive petitions differently than it treated the post-*Martinez* successive petition in *Johnson v. State*, 395 P.3d 1246 (Idaho 2017). There, the Idaho Supreme Court determined that *Martinez* was not applicable to permit the state courts to hear the new claims; instead, the Court said that its own precedent, *Murphy v. State*, 327 P.3d 365 (Idaho 2014), was still

good law. *Id*. at 1261. *Murphy* relied on *Coleman v. Thompson*, 501 U.S. 722, 752 (1991), "which held that '[t]here is no constitutional right to an attorney in state post-conviction proceedings' and therefore 'a petitioner cannot claim constitutionally ineffective assistance of counsel in such proceedings.'" *Johnson*, 395 P.3d at 1260. The *Johnson* Court concluded that "*Martinez* simply means [late-presented new claims requiring evidentiary development] will not be procedurally defaulted in federal habeas proceedings and the federal court will have to address those claims on the merits." *Id*. at 1261. Because *Murphy* is grounded on *Coleman,* and *Ramirez*'s holding is aligned with *Coleman* and other similar law, it is unlikely that the Idaho Supreme Court will be moved from its stance on *Murphy*.

The *Ramirez* holding reiterates the long-established principle that new factual development should not occur in federal habeas corpus actions except in rare instances. The strict statutory scheme set forth in 28 U.S.C. § 2254(d), as amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), does not allow for a dramatic departure from its terms. *Ramirez* retained the meaning of "at fault" from *Williams v. Taylor*, 529 U.S. 420 (2000) (Michael Williams)—that § 2254(e)(2) does not apply "'unless there is lack of diligence, or some greater fault, attributable to the prisoner or the prisoner's counsel.'" *Ramirez*, 142 S.Ct. at 1735 (quoting *Michael Williams*, 529 U.S. at 432). *Ramirez* also stood by its determination in *Holland v. Jackson*, 542 U.S. 649 (2004) (per curiam), that post-conviction counsel's fault in failing to produce evidence in state court is attributable to the client and does not satisfy 28 U.S.C. § 2254(e)(2). 142 S.Ct. at 1735–36.

*Ramirez* was necessary only because *Martinez* did not address whether newly

developed federal court evidence in support of cause and prejudice arguments could also be used in support of the merits. For many jurists, merits use of such new evidence seemed a logical extension of the court-made equitable *Martinez* exception. Nevertheless, the *Ramirez* Court concluded that "Congress foreclosed respondents' proposed expansion of *Martinez* when it passed AEDPA" in 1996. 142 S. Ct. at 1736. It is difficult to argue to the Idaho Supreme Court that a holding grounded in AEDPA, *Williams*, and *Holland* is new.

Nor is *Ramirez* binding on state courts, just as the Idaho Supreme Court readily observed when it was presented with a *Martinez* argument for entertaining a successive post-conviction petition. *See Johnson*, 395 P.3d at 1261 ("Because the holding in *Martinez* is not a constitutional holding it is not binding on state courts."). The *Ramirez* rule exclusively governs federal habeas corpus proceedings, although a residual benefit of the case is that it provides state criminal defendants who are in the beginning stages of their post-conviction matters with incentive and information about how to avoid procedural default in federal court. Abdullah, however, is at a different stage of proceedings. His final judgment is two decades old. Because the Idaho Supreme Court has made it abundantly clear that it favors finality among the components that comprise justice, this Court foresees no success in Petitioner's endeavor. The Court agrees with Respondent's argument that the factual and legal basis of most, if not all, of the claims Abdullah asserts in his third post-conviction petition were known or could have been discovered during pursuit of earlier state court proceedings and, for that reason alone, are likely not to be entertained.

For all of the foregoing reasons, the Court finds that Abdullah has not shown good

cause for a stay. Should the state district court choose to hold an evidentiary hearing on his third successive post-conviction matter, Abdullah may reapply for a stay in this case if he can explain how the claims at issue in the successive post-conviction matter would affect the decisionmaking on the claims that are fully briefed in this Court.

The Court will grant the pending motions to file excess pages and to have extensions of time within which to file briefing.

## BRIEFING SCHEDULE

The Court has reviewed the parties' suggestions for a briefing schedule for the Amended Petition (Dkt. 37). The Court agrees that the regular schedule now used in non-capital proceedings that permits adjudication of claims on the merits *or* procedural grounds is an efficient way to proceed in this matter.

## ORDER

**IT IS ORDERED:**

1. Petitioner's Motion to Stay Proceedings (Dkt. 39) is DENIED without prejudice.
2. Respondent's Motions for Extensions of Time (Dkts. 42, 46) are GRANTED.
3. Respondent's Motion to Seal Supplemental State Court Records (Dkt. 45) is GRANTED. The records lodged at Docket No. 44 shall remain sealed.
4. Respondent's comprehensive answer to the Amended Petition must be filed no later than 150 days after entry of this Order.
5. Petitioner's reply must be filed no later than 150 days from the filing of the answer.
6. If Petitioner believes further record development through discovery or an evidentiary hearing is required for any claim, he must file a motion addressing § 2254(e)(2) for

each such claim with his reply.

7. Respondent's sur-reply must be filed no later than 60 days from the filing of Petitioner's reply, together with a response to any motion for an evidentiary hearing.

8. If Petitioner desires to file a reply in support of his motion for an evidentiary development, it must be filed within 30 days of the filing of the state's response to his motion.

DATED: March 13, 2023

_____
David C. Nye
Chief U.S. District Court Judge